**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PUBLIC CITIZEN,<br>    1600 20th Street NW<br>    Washington, DC 20009,<br><br>                              Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF LABOR,<br>    200 Constitution Avenue NW<br>    Washington, DC 20210,<br><br>                              Defendant. | )<br>)<br>)<br>)<br>)<br>)     Civil Action No. 24-1232<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

1.      Plaintiff Public Citizen brings this action to compel defendant U.S. Department of Labor (DOL) to grant Public Citizen a public-interest fee waiver and produce records under the Freedom of Information Act (FOIA), 5 U.S.C. § 552.

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

**PARTIES**

3.      Plaintiff Public Citizen is a nonprofit, public-interest organization. Public Citizen submitted the FOIA request at issue in this action.

4.      Defendant DOL is an agency of the United States. DOL has possession or control of records responsive to Public Citizen's FOIA request.

**FACTS**

5.      On December 6, 2023, Public Citizen submitted to DOL a FOIA request seeking records related to DOL's coordinated enforcement regulation, 29 C.F.R. § 42.20. Public Citizen requested copies of the most recent announcement of an annual public meeting and the most recent migrant farm labor enforcement strategy, for each Regional Farm Labor Coordinated Enforcement Committee.

6.      Public Citizen requested that DOL waive any fees associated with responding to the FOIA request. Public Citizen explained that disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and Public Citizen has no commercial interest in the records. Public Citizen addressed DOL's fee-waiver criteria set forth at 29 C.F.R. § 70.41(a), explained in detail its entitlement to a fee waiver, and set forth numerous citations to supporting materials.

7.      DOL received Public Citizen's FOIA request on December 6, 2023.

8.      On December 20, 2023, DOL acknowledged Public Citizen's FOIA request and stated that it had been assigned to the Employment and Training Administration (ETA) with tracking number 2024-F-03561.

9.      On February 27, 2024, Public Citizen contacted DOL to inquire about the status of FOIA Request No. 2024-F-03561. DOL responded that the request had been closed by ETA and transferred to the Wage and Hour Division (WHD).

10.      On March 8, 2024, WHD acknowledged receipt of Public Citizen's FOIA request of December 6, 2023, and stated that the request had been assigned tracking number 2024-F-05313. The letter also stated that DOL had denied Public Citizen's request for a fee waiver.

11.    On March 13, 2024, Public Citizen responded to WHD's acknowledgment letter of March 8, 2024, corrected a typographical error in a citation in the original FOIA request, and requested reconsideration of Public Citizen's request for a fee waiver. WHD has not responded.

12.    On March 15, 2024, Public Citizen submitted an administrative appeal of DOL's denial of Public Citizen's request for a fee waiver. Public Citizen addressed the criteria set forth at 29 C.F.R. § 70.41(a), explained in detail that its FOIA request satisfied the public-interest fee-waiver standard, and set forth numerous citations to supporting materials.

13.     On March 18, 2024, DOL acknowledged receipt of Public Citizen's appeal of March 15, 2024, and assigned it Appeal Reference No. 2024-A-00074.

14.    Public Citizen has requested updates on the status of its appeal. DOL has not responded.

15.    Under 5 U.S.C. § 552(a)(6)(A)(i), an agency must notify a FOIA requester within 20 working days after receiving a FOIA request of its determination whether to comply with the request. An agency may extend this deadline by up to 10 working days in "unusual circumstances." 5 U.S.C. § 552(a)(6)(B)(i). In its letter of March 8, 2024, DOL invoked the 10-day extension.

16.    More than 30 working days have passed since DOL received Public Citizen's FOIA request. DOL has neither notified Public Citizen that it has determined whether to comply with the request nor produced any records in response to the request.

17.    Under 5 U.S.C. § 552(a)(6)(A)(ii), DOL had 20 working days to make a determination on Public Citizen's appeal of DOL's denial of a fee waiver.

18.    More than 20 working days have passed since DOL received Public Citizen's appeal of DOL's denial of a fee waiver. DOL has not made a determination on the appeal.

19.     Public Citizen has exhausted its administrative remedies with respect to its FOIA request and DOL's denial of a fee waiver.

## FIRST CLAIM FOR RELIEF
### (Denial of fee-waiver request)

20.     Under 5 U.S.C. § 552(a)(4)(A)(iii), Public Citizen is entitled to a full waiver of fees that otherwise would be assessed in connection with its FOIA request, and DOL's denial of Public Citizen's request for a public-interest fee waiver violates FOIA.

21.     Under 5 U.S.C. § 552(a)(4)(A)(viii)(I), Public Citizen is entitled to a waiver of search fees that otherwise would be assessed in connection with its FOIA request because DOL failed to make a determination with respect to Public Citizen's administrative appeal within 20 working days as required by 5 U.S.C. § 552(a)(6)(A)(ii).

## SECOND CLAIM FOR RELIEF
### (Denial of FOIA request)

22.     Public Citizen has a statutory right under FOIA, 5 U.S.C. § 552(a)(3)(A), to the records it requested.

23.     DOL has no legal basis for refusing to produce the records responsive to Public Citizen's request.

## PRAYER FOR RELIEF

Public Citizen requests that this Court:

A.   Declare that DOL's failure to grant Public Citizen's request for a public-interest fee waiver is unlawful;

B.   Declare that DOL's failure to waive search fees related to Public Citizen's FOIA request is unlawful;

4

C.  Declare that DOL's failure to provide the records responsive to Public Citizen's FOIA request is unlawful;

D.  Order DOL to make the requested records available to Public Citizen at no cost and without delay;

E.  Award Public Citizen its costs and reasonable attorneys' fees under 5 U.S.C. § 552(a)(4)(E); and

F.  Grant all other appropriate relief.

Dated: April 26, 2024                        Respectfully submitted,

/s/ Michael T. Kirkpatrick
Michael T. Kirkpatrick (DC Bar No. 486293)
Lauren E. Bateman (DC Bar No. 1047285)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-7728
mkirkpatrick@citizen.org

Counsel for Plaintiff

5